FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 13, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NOELLE C. JAMES, Individually, and as Attorney in Fact for THEADA MARIE GIBBINS, an Incapacitated Person, KENNETH W. GIBBINS, PAMELA JONES, MERRY ANNE NORDBERG, and KIM L. BAILEY,<br><br>      Plaintiffs,<br><br>    v.<br><br>THE UNITED STATES OF AMERICA,<br>      Defendant. | NO. 1:15-cv-03186-SAB<br><br>**ORDER DENYING MOTION TO DISMISS** |

    Before the Court is Defendant's Rule 12(b)(1) Motion to Dismiss Claims of Mrs. Gibbins's Adult Children, ECF No. 25. The motion was heard without oral argument. Defendant requests the Court dismiss Plaintiffs' loss of parental consortium claims, arguing that Washington common law does not recognize such a claim when it is brought by adult children for an injury to an elderly parent. The Court disagrees and finds Washington common law permits this type of claim.

## BACKGROUND

    Plaintiff Theada Marie Gibbins ("Mrs. Gibbins") alleges that she was a patient at Community Health of Central Washington, d/b/a Central Washington

ORDER DENYING MOTION TO DISMISS ^ 1

Family Medicine ("CHCW"), a community health center funded by the Secretary of Health and Human Services. ECF No. 1. Mrs. Gibbins alleges that on or about October 24, 2013, she was at CHCW when a physician ordered that she be administered an influenza vaccination. Mrs. Gibbins alleges she suffered a severe adverse reaction to the vaccination.

Mrs. Gibbins claims that the October 24, 2013 influenza vaccination should not have been administered because she had previously experienced an adverse reaction to the same vaccination several years prior. Mrs. Gibbins alleges her medical records at CHCW reflected that she was allergic to, and was known to have an adverse reaction from, the administration of the influenza vaccination. Thus, Mrs. Gibbins alleges CHCW, its contractors, physicians, and/or other licensed or certified health care practitioners were negligent because they knew or should have known that Mrs. Gibbins was susceptible to another adverse reaction if administered a subsequent influenza vaccination. Mrs. Gibbins went on to achieve a good overall recovery from her adverse reaction to the vaccination.

Mrs. Gibbins, her husband Kenneth Gibbins, and their four adult daughters, Noelle C. James (individually and as "attorney in fact for Mrs. Gibbins"), Pamela Jones, Merry Anne Nordberg and Kim L. Bailey, filed administrative FTCA claims with the Department of Health and Human Services (HHS). HHS denied Plaintiffs' claims, concluding Plaintiffs' claims were preempted by the National Vaccine Injury Compensation Program ("NVICP").

Following the denial of their administrative claims, Plaintiffs filed suit against the United States of America in the Eastern District of Washington on October 20, 2015. ECF No. 1. Mrs. Gibbins FTCA claim was based in medical negligence, while the remaining family members' claims were based on loss of consortium.

Mrs. Gibbins's claims were recently resolved by the United States Court of Federal Claims. ECF No. 13. Thus, the claims that remain pending in this matter

ORDER DENYING MOTION TO DISMISS ^ 2

are Plaintiffs' alleged loss of spousal and parental consortium. Defendant seeks dismissal of the loss of parental consortium claims brought by Mrs. Gibbins' adult daughters.

## STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (citing *Rattlesnake Coal. v. E.P.A.*, 509 F.3d 1095, 1102 n.2 (9th Cir. 2007)).

"Absent a waiver of sovereign immunity, courts have no subject matter jurisdiction over cases against the [federal] government." *Munns v. Kerry*, 782 F.3d 402, 412 (9th Cir. 2015) (citing *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1117 (9th Cir. 2003)). The FTCA provides a limited waiver of the sovereign immunity of the United States for torts committed by federal employees acting within the scope of their employment. 28 U.S.C. § 1346(b)(1); *Gonzalez v. U.S.*, 814 F.3d 1022, 1026-27 (9th Cir. 2016). Under the FTCA, the United States has waived its sovereign immunity with regard to tort liability, "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *F.D.I.C. v. Meyer*, 510 U.S. 471, 477 (1994).

## DISCUSSION

Defendant argues Plaintiffs' loss of parental consortium claims should be dismissed because Washington common law does not recognize a loss of parental consortium claim brought by adult children for the injury to an elderly parent. This Court disagrees.

The Washington Supreme Court first recognized a child's right to bring a loss of parental consortium claim in 1984. *Ueland v. Reynolds Metal, Co.*, 103 Wn.2d 131, 140 (1984). The Washington Supreme Court held that "a child has an

independent cause of action for loss of the love, care, companionship and guidance of a parent tortiously injured by a third party." *Id*. In reaching its decision, the Court acknowledged that other courts around the country limited the loss of parental consortium claims to minor children dependent on the injured parent. *Id*. at 139. The Court explicitly rejected this limitation, finding that "[a]lthough minors are the group most likely to suffer real harm due to a disruption of the parent-child relationship, we leave this for the jury to consider in fixing damages. This is consistent with our view in wrongful death actions of allowing a child to recover for loss of parental consortium beyond the period of minority." *Id*. at 139-40 (citation omitted).

The Court finds that, based on the above-cited language, the Washington Supreme Court appears to recognize a parental loss of consortium claim brought by adult children. In this case, adult children bring a claim for loss of the "love, care, companionship and guidance of a parent tortiously injured by a third party." *Ueland*, 103 Wn.2d at 140. Whether these Plaintiffs have suffered harm due to any alleged disruption of the parent-child relationship, is an issue for the jury to consider in fixing damages. *Id*. at 139-40.

//
//
//
//
//
//
//
//
//
//
//
//

ORDER DENYING MOTION TO DISMISS ^ 4

Accordingly, **IT IS ORDERED:**

1. Defendant's Rule 12(b)(1) Motion to Dismiss Claims of Mrs. Gibbins's Adult Children, ECF No. 25, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel.

**DATED** this 13th day of June 2019.



Stanley A. Bastian
United States District Judge

ORDER DENYING MOTION TO DISMISS ^ 5